UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Stanley Schmitigal, and Marjorie Schmitigal,<br><br>Plaintiffs<br><br>v.<br><br>Paul Twohig, and Ford Motor Company,<br><br>Defendants. | C/A no.  9:19-cv-01511-DCN<br><br>**COMPLAINT**<br>(jury trial demanded) |

Plaintiffs allege as follows:

### Parties

1. Plaintiffs are citizens and residents of the state of Michigan.

2. Defendant Twohig is a citizen and resident of South Carolina.

3. Defendant Ford Motor Company ("FMC") is a Delaware corporation doing business in South Carolina. FMC has a certificate of authority, has a registered agent in South Carolina, and has been authorized to do business in South Carolina since 1963 and, as such, is subject to the jurisdiction of the courts of this state.

### Jurisdiction / Venue

4. Defendant FMC is in the business of designing, testing, manufacturing, marketing, servicing, and supplying automobiles within the United States.

5. Defendant FMC, by virtue of its nationwide distribution system of automobiles and automotive products, should reasonably expect to be subject to the jurisdiction of this court.

6. Defendant FMC regularly transacts business in South Carolina, contracts to supply automobiles in South Carolina, derives substantial revenue from its business in South

1

Carolina, and has committed a tortious act in South Carolina which has resulted in injury and death.

7. Defendant FMC voluntarily and purposefully directs its products, through marketing, distribution, and sales, to the State of South Carolina and intends for its automobiles to be purchased and used in the State of South Carolina.

8. Due to its business activities intentionally targeted to the State of South Carolina, and the substantial revenue received as a result, Defendant FMC has purposefully availed itself of the privilege of doing business in South Carolina and should reasonably expect to be subject to this Court's jurisdiction.

9. Plaintiff's claim for strict liability and breach of warranty all relate to and arise out of Defendant FMC's activities within and targeted at the State of South Carolina.

10. This action seeks monetary relief.

11. There is a real and justiciable controversy between the parties.

12. The amount in controversy exceeds seventy-five thousand dollars exclusive of interest and costs.

13. There is diversity of citizenship.

14. Venue is proper in this district as the most substantial part of the events or omissions giving rise to these claims occurred in this district.

**Factual allegations**

15. On February 16, 2018, the plaintiffs were belted passengers in a vehicle owned by them and driven by their daughter Lisa Ann Hurlburt.

16. The plaintiffs' vehicle, a 2014 Ford Edge, was designed by Defendant FMC and manufactured by one of FMC's subsidiaries.

17. At or around, 10:40 a.m. on February 16, 2018, Defendant Twohig was driving his BMW sedan southeast on U.S. Highway 278 towards Hilton Head Island.

18. At the time, plaintiffs' vehicle, traveling in the same direction as Twohig, was stopped at an intersection waiting to make a left hand turn.

19. Without warning, Defendant Twohig crashed his vehicle into the rear of the plaintiffs' vehicle at a high rate of speed.

20. During the impact to the rear of plaintiffs' vehicle, the vehicle's front passenger seat deformed rearward causing Stanley Schmitigal to travel rearward into the back passenger compartment.

21. At the time, Marjorie Schmitigal was seated behind Stanley.

22. Stanley collided with Marjorie when he traveled into the back occupant compartment, causing them both serious injury.

23. Plaintiffs' injuries were directly and proximately caused by the negligence of Defendant Twohig and were enhanced by defects in the design and crashworthiness of the front passenger seat of the 2014 Ford Edge.

## Causes of Action

**One:** Negligence – Defendant Twohig

24. Plaintiffs fully incorporate all prior paragraphs.

25. Defendant Twohig owed a duty to the public to operate his vehicle in a safe and reasonable manner.

26. Defendant Twohig was negligent, careless, and reckless at the time and place mentioned above as follows:

    a. in failing to maintain a proper lookout;

    b.     in failing to maintain a safe distance between his vehicle and plaintiffs' vehicle;

    c.     in failing to reduce his speed and avoid the harm inflicted;

    d.     in generally failing to use the degree of care and caution that a reasonably prudent person would have used under the same or similar circumstances;

    e.     in violating state traffic laws enacted to protect the safety and health of the public so as to constitute negligence *per se*;

    f.     in failing to operate his vehicle while free from distractions; and

    fg     any other negligent act revealed through discovery in this matter.

27.    As a direct and proximate result of the negligence and recklessness of Defendant Twohig, his vehicle collided into the rear of the plaintiffs' vehicle causing bodily injury to plaintiff.

**Two:** Strict products liability – Defendant FMC

28.    Plaintiffs fully incorporate all prior paragraphs.

29.    Defendant FMC is responsible for the design, testing, manufacture, marketing, and sale of the plaintiffs' 2014 Ford Edge ("subject vehicle").

30.    The subject vehicle was expected to and did reach the user without substantial change in the condition in which it was sold.

31.    The subject vehicle was defective in its design or manufacture and unreasonably dangerous for its intended uses.

32.    Defendant FMC failed to design and/or manufacture the front passenger seat in such a manner that it would not fail and maintain its structural integrity in the event of a foreseeable rear-end collision.

33. Defendant FMC had notice before the manufacture of the subject vehicle that its front passenger seat design was defective and unreasonably dangerous.

34. Prior to the manufacture of the subject vehicle, Defendants FMC knew of alternative seat designs that would have eliminated failure of the front passenger seat in the subject vehicle.

35. Specifically, the subject vehicle's front passenger seat is defective as follows:

   a. the seat structure is unreasonably weak;

   b. the seat structure deforms rearward in a foreseeable rear-end collision;

   c. the seat structure is designed to yield too far rearward in a rear impact jeopardizing occupant safety; and

   d. such other defects that may be revealed during discovery.

36. As a proximate result of the defective and unreasonably dangerous design and manufacture of the subject vehicle, plaintiffs' injuries were enhanced in this foreseeable rear impact collision.

**Three:** Negligence – Defendant FMC

37. Plaintiffs fully incorporate all prior paragraphs.

38. Defendant FMC was negligent and reckless in the following respects:

   a. in designing the subject vehicle with a defective and unreasonably dangerous front passenger seat;

   b. in failing to employ feasible, alternative designs which were readily and inexpensively available in the design and manufacture of the subject vehicle's front passenger seat;

    c.    in failing to properly test the front passenger seat for the subject vehicle, including failure to test in manner which approximates real-world crashes and testing that employs dynamic seat testing;

    d.    in failing to appropriately warn the plaintiffs and the general public of the unreasonably dangerous nature of the subject vehicle due to these defective design elements; and

    g.    such other negligence in the design of the subject vehicle that may be revealed through discovery.

39. As a proximate result of the negligence and recklessness of Defendants FMC in the design and manufacture of the subject vehicle, plaintiffs' injuries were enhanced in this foreseeable rear impact collision.

**Four:** Breach of warranty – Defendant FMC

40. Plaintiffs fully incorporate all prior paragraphs.

41. Implied in every sale of goods in South Carolina are the warranties of merchantability and fitness for a particular purpose.

42. Defendant FMC is a merchant with respect to the subject vehicle.

43. Defendant FMC is a seller of the subject vehicle and warranted that the subject vehicle was merchantable and fit for its intended and foreseeable use.

44. Defendant FMC expressly warrants that the subject vehicle was free of defects.

45. Plaintiffs made ordinary and foreseeable use of the subject vehicle.

46. Plaintiffs relied upon the express and implied warranties given.

47. Due to its defective condition, the subject vehicle was not fit for its intended or foreseeable use.

48.	Due to its defective condition, the subject vehicle did not conform to FMC's express warranty.

49.	Due to the defective condition of the subject vehicle, FMC breached the implied and express warranties given plaintiffs.

50.	As a result, the subject vehicle's seat failed causing plaintiffs serious injury.

**Five:** Loss of consortium – all defendants

51.	Plaintiffs incorporate all prior paragraphs.

52.	Plaintiff Marjorie Schmitigal is the wife of Plaintiff Stanley Schmitigal.

53.	As a direct and proximate result of the acts and omissions of defendants, Plaintiff Marjorie Schmitigal was caused to suffer, and will continue to suffer, loss of consortium, loss of society, affection, assistance, and household services from the injury and incapacitation of her husband.

**Relief requested**

54.	Plaintiff incorporates all paragraphs above as if fully stated herein.

Plaintiffs ask for judgment against these defendants as follows:

a.	for actual damages according to proof, including incurred and future medical costs, gratuitous nursing services, lost wages, and loss of future earning capacity and any other that may be proven at trial;

b.	for other compensatory damages permitted by law including damages for physical and mental pain and suffering;

c.	for punitive damages as determined by the trier of fact should discovery reveal willful and wanton conduct by defendants;

d.	for all costs of Court; and

e.	for such other relief as the trier of fact deems just and proper.

## Jury Trial Demanded

Trial by jury is demanded as to all issues set forth herein to the extent permitted by law.

Respectfully submitted,

**RICHARDSON PATRICK WESTBROOK & BRICKMAN, LLC**

__s/Chris Moore_____
Chris Moore (FBN 10445)
1513 Hampton Street
Columbia, SC 29201
803.541.7850

Terry E. Richardson, Jr.
1730 Jackson Street
Barnwell, SC 29812
803.541.7850

**AKINS LAW FIRM, LLC**

Dale Akins
6 Johnston Way
Suite A
Bluffton, SC 29910
843.757.7574

May 24, 2019
Columbia, South Carolina

Attorneys for plaintiffs

8