IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| STANLEY SCHMITIGAL and MARJORIE SCHMITIGAL | ) ) ) | |
| Plaintiffs, | ) ) | No. 9:19-cv-01511-DCN |
| vs. | ) ) | **ORDER** |
| PAUL TWOHIG and FORD MOTOR COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on plaintiffs Stanley[1] and Marjorie Schmitigal's ("plaintiffs") motion to vacate, ECF No. 25, and motion for reconsideration, ECF No. 27. For the reasons set forth below, the court grants the motion to vacate and finds as moot the motion for reconsideration.

## I. BACKGROUND

The first thing out of the mouth of every professor on the first day of first-year civil procedure is the phrase "subject matter jurisdiction". The lawyers in this case must have been playing hooky that day.

This products liability action arises from a car accident in which plaintiffs were injured. On February 16, 2018, plaintiffs were restrained passengers in their 2014 Ford Edge, which was driven by their daughter. Stanley sat in the front passenger seat and Marjorie sat in the rear passenger seat behind Stanley. While stopped at an intersection

---

[1] Following plaintiffs' filing of a suggestion of death on February 25, 2020, the court substituted original plaintiff Stanley Schmitigal for his daughter and personal representative of his estate, Linda Schmitigal Snyder. See ECF No. 37.

1

on U.S. Highway 278, plaintiffs' vehicle was struck from behind by defendant Paul Twohig's ("Twohig") BMW sedan. Upon impact, plaintiffs allege that their vehicle's front passenger seat deformed rearward causing Stanley to travel into the back passenger compartment and strike Marjorie, injuring them both. Plaintiffs brought the instant action on May 5, 2019, asserting a negligence claim against Twohig and products liability claims against defendant Ford Motor Company ("Ford").

On September 26, 2019, this court granted Ford's motion to dismiss, finding that the court did not have specific jurisdiction over Ford because plaintiffs' claims did not arise out of or relate to Ford's contacts with South Carolina, and dismissed Ford from the case. ECF No. 22 (the "Dismissal Order"). On October 10, 2019, plaintiffs filed a motion to vacate the Dismissal Order. ECF No. 25. On October 24, 2019, Ford responded to the motion, ECF No. 26, and on October 31, 2019, plaintiffs replied, ECF No. 28. On October 24, 2019, plaintiffs filed a motion to reconsider the Dismissal Order. ECF No. 27. On November 7, 2019, Ford filed a response, ECF No. 29, and on November 12, 2019, plaintiffs filed a reply, ECF No. 33. Thus, these matters have been fully briefed and are ripe for the court's consideration.

## II.  STANDARD

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### III.   DISCUSSION

In their motion to vacate, plaintiffs argue that the Dismissal Order is void because the court entered the order without subject matter jurisdiction over the action and thus bereft of the constitutional authority to render a judgment.  The court lacked subject matter jurisdiction over the case, plaintiffs unapologetically explain, because plaintiffs and Ford are both citizens of the same state, meaning that the court did not have subject matter jurisdiction by way of the parties' diversity of citizenship under 28 U.S.C. § 1332, on which the court's jurisdiction was initially premised.  Ford does not dispute that the court lacked subject matter jurisdiction at the time it entered the Dismissal Order; instead, it argues that because "subject matter and personal jurisdiction are equally fundamental", a district court "need not find that it has subject matter jurisdiction before it decides [that] it does not have personal jurisdiction."  ECF No. 26 at 2.

This issue places the court in a strange procedural bind.  There is no dispute that the court did not have subject matter jurisdiction over this action when it considered Ford's motion to dismiss and filed its Dismissal Order.  Despite the parties' agreement and the relative simplicity of the question, neither plaintiffs nor Ford brought this clearly dispositive issue to the court's attention in their briefs and arguments on the motion to dismiss or at the hearing on the motion.  Nevertheless, subject matter jurisdiction is the

touchstone of this court's constitutional authority to resolve disputes, and the court cannot render judgments in its absence, whether the parties alert the court to that absence or not. Therefore, the court must consider the merits of plaintiffs' motion to vacate, despite the parties' failure to mention the issue on which it is premised until now.[2]

Fed. R. Civ. P. 60(b)(4) provides that a court can relieve a party from a previously entered order where the order's "judgment is void." "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). A lack of subject matter jurisdiction will only render a judgment void where "the jurisdictional error [wa]s egregious," meaning that the court acted in the absence of even an arguable basis for subject matter jurisdiction. Id. at 413 (quoting In re G.A.D., Inc., 340 F.3d 331, 336 (6th Cir. 2003)).

Here, it is clear that the court rendered its Dismissal Order in the absence of subject matter jurisdiction over the matter. Plaintiffs' complaint asserts state law causes-of-action such that the court does not have federal question jurisdiction over the claims under 28 U.S.C. § 1331. Further, the court does not have diversity jurisdiction over the matter under 28 U.S.C. § 1332 because plaintiffs and Ford are all citizens of Michigan. However, in this case, the court's inquiry does not end with a finding that it acted in the absence of subject matter jurisdiction. The court must also determine whether it was

---

[2] The court knows not whether the parties' silence resulted from sloth or inattention to basic concepts of jurisprudence, but the quality of the lawyers for each party leads the court to question their "strategy" (if in fact there was a strategy). That being said, "no harm, no foul" with the exception of a colossal waste of this court's time as well as the thousands of dollars unnecessarily incurred by each client for writing, filing, and arguing the original motion to dismiss in this case as well as the instant motion for reconsideration.

required to have jurisdiction over the subject matter of the case to render a decision on its jurisdiction over a party. In other words, the court must determine whether it was constitutionally required to consider the issue of its subject matter jurisdiction before rendering a decision with respect to personal jurisdiction. Finding that it was so required, the court will vacate the Dismissal order and dismiss the case.

Subject matter jurisdiction defines the constitutional "bounds of authorized judicial action", and for a court to reach the merits of a dispute without it is "for a court to act ultra vires." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998). While subject matter jurisdiction stands as a constitutional limitation on the court's general power to adjudicate, personal jurisdiction is a constitutional limitation on the court's specific power over an individual that "flows from the Due Process Clause". Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 694 (1982). Because personal jurisdiction is a "matter of individual liberty", a party may waive its right to contest personal jurisdiction by consenting the court's exercise of authority. Id.; see also Fed. R. Civ. P. 12(h)(3) (providing that the defense of lack of personal jurisdiction is waivable). It is a basic proposition of constitutional law that without subject matter jurisdiction over the controversy and personal jurisdiction over the parties, a court cannot reach the merits of a dispute.

Whether a court must proceed with one jurisdictional issue before the other, however, is a closer question. In Ruhrgas AG v. Marathon Oil Co., the Supreme Court confronted this issue directly, answering the question, "must subject-matter jurisdiction precede personal jurisdiction on the decisional line?" 526 U.S. 574, 577 (1999). There, the Supreme Court recognized that "in most instances subject-matter jurisdiction will

involve no arduous inquiry," and that in such cases the "expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of [the subject matter jurisdiction] issue first." Id. at 587. However, because "there is no unyielding jurisdictional hierarchy," the Supreme Court found that there are circumstances in which a court can resolve the question of personal jurisdiction before resolving doubts about its jurisdiction over the subject matter. Id. at 577.

> Where, as here[], a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction.

Id.

The case at hand does not present circumstances that justify the court's consideration of its personal jurisdiction over Ford before its jurisdiction over the subject matter. Plaintiffs and Ford are citizens of the same state. A conclusion that subject matter jurisdiction did not exist in this case would not have required the resolution of "a difficult and novel question." Because it "involve[d] no arduous inquiry," the court was required to resolve the issue of its subject matter jurisdiction before it issued a decision on personal jurisdiction. See Gray v. Remley, 2004 WL 951485, at *4–5 (M.D.N.C. Apr. 30, 2004) ("In contrast to Ruhrgas, however, in this case the subject matter jurisdiction question is neither difficult nor novel, as complete diversity between the parties is clearly lacking. This case simply does not present the same challenges to subject matter jurisdiction as those raised in Ruhrgas, and there is no justification for deciding the issue of personal jurisdiction before addressing the issue of subject matter jurisdiction.")

As such, the court finds that because of the silence of the lawyers for both parties, its reach exceeded its constitutional grasp.[3]  Therefore, the Dismissal Order is void and must be vacated.  Vacating the order that dismissed Ford from the case, the parties to this action are no longer diverse.  As such, the court lacks the constitutional authority to consider this matter further and must dismiss it.  Because the court did not reach the merits of the controversy, it enters dismissal without prejudice.

## IV.   CONCLUSION

For the foregoing reasons the court **GRANTS** plaintiffs' motion to vacate, **VACATES** its September 26, 2019 Order, **FINDS AS MOOT** plaintiffs' motion for reconsideration, and **DISMISSES** the matter without prejudice.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**May 13, 2020**
**Charleston, South Carolina**

---

[3] As Judge Alex Sanders posits, the ability to decide a case is a function of the "Lefty Grove Corollary".  In one game in which he was not pitching well, Lefty Grove, a star pitcher for the New York Yankees who was elected to Cooperstown in 1947, stood on the mound for an exorbitant amount of time.  As a result, the catcher came out to the mound to find out why he stopped pitching.  When asked, Lefty told the catcher, "if I don't pitch it, they can't hit it".   Since the parties in this case did not "pitch" subject matter jurisdiction in their briefs nor in their arguments on the motion to dismiss, ECF No. 9, the court couldn't hit it.